**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| MICHAELA DOUGLASS-USOV, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NECTRIS LABS, LLC; OUTPOST BRANDS, LLC; DRM PRODUCTION, LLC; and PEAK 24, LLC,<br><br>Defendants. | Case No. 3:25-cv-00307-DJN |

**DECLARATION OF THOMAS BECKHAM**

I, Thomas Beckham, declare as follows:

1. I am the Chief Executive Officer of Outpost Brands, LLC, a defendant in the above-named action.

2. I am also an authorized member of both Nectris, LLC (incorrectly named as Nectris Labs, LLC) and DRM Production, LLC, also named defendants in this action.

3. I submit this declaration on behalf of Defendants Outpost Brands, LLC, Nectris, LLC, and DRM Production, LLC (collectively, the "Outpost Defendants") in support of the Outpost Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

4. This declaration is based upon my personal knowledge. If called upon to do so, I would testify as set forth below.

5. Each of the Outpost Defendants is a Florida entity headquartered and exclusively located in Florida.

6. Taken together, the Outpost Defendants provide business-to-business contract manufacturing services whereby the Outpost Defendants manufacture and produce goods according to the hiring brand company's specifications.

7. The brand companies decide where and how to distribute, advertise, and sell their goods to retail consumers. The Outpost Defendants are not involved in those decisions.

8. The Outpost Defendants also provide third-party logistics services, which includes shipping brand company products from the Outpost Defendants' facilities directly to the brand company's chosen distributors and wholesalers.

9. The brand company makes all arrangements and manages all decisions and communications with their chosen distributors and wholesalers.

10. The Outpost Defendants do not ship or sell any OPiA-branded products directly to retail consumers.

11. The Outpost Defendants' services are entirely performed in Florida.

12. The Outpost Defendants do not derive revenue from the sale of OPiA-branded products to consumers.

13. Instead, the Outpost Defendants derive revenue from the production of products according to a contracting customer's order specifications. What the customer does with the product after production is entirely controlled by the customer.

14. The Outpost Defendants do not own or manage the OPiA brand.

15. The Outpost Defendants do not own or operate the OPiA website.

16. The Outpost Defendants do not advertise OPiA Products. In fact, the Outpost Defendants do not even create the packaging and/or labels of the hiring brand company's product. Instead, the hiring brand ships its product's packaging to the Outpost Defendants, which the

Outpost Defendants then (i) store at its Florida facility, and (ii) use in the final production of the product.

17. The Outpost Defendants have never sold OPiA Products to any distributor, wholesaler, or consumer.

18. The Outpost Defendants have no offices, property, or employees in Virginia. The Outpost Defendants maintain no bank account in Virginia and have no presence in the state at all.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: 9/8/2025

Thomas Beckham